# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

EDDIE JAMES SHORTY                                                PLAINTIFF

v.                                                        No. 4:07CV150-M-A

E. L. SPARKMAN, ET AL.                                          DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Eddie James Shorty, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations[1]

Shorty alleges that he was placed in a dangerous environment while housed at the East Mississippi Correctional Facility because of constant threats to his health and safety from gang members there. He was then placed in solitary confinement on protective custody status, but later moved to Unit 32 at the Mississippi State Penitentiary. He alleges that the level of danger at Unit 32, even on protective custody status, was even greater than what he faced at East Mississippi Correctional Facility. Shorty believed that inmate floor walkers delivered his food to him, and he was afraid that one might poison him. After he voiced his concerns about his safety in Unit 32, he was transferred to Unit 29 at the Mississippi State Penitentiary with inmate who have psychiatric problems. Shorty and his cell mate both complained to the Unit 29 administration that they believed they were in danger while housed there. When they complained

---

[1]The court has included a brief summary of the facts the plaintiff relates in his initial complaint and subsequent proposed amended complaints.

about this to Lt. Sturdivant, he told them that, unlike Unit 32, Unit 29 has no cameras, and they might find themselves "sucking soup through a straw to eat."

**Original Complaint**

The plaintiff wishes to be placed in solitary custody. In his initial complaint (filed September 12, 2007) he alleged that he faced unsafe conditions at the East Mississippi Correctional Facility, then at Unit 32 at the Mississippi State Penitentiary. He did not, however, allege that he was injured in any way at either of those locations. Thus, he has not stated a claim for relief under § 1983. As the plaintiff suffered no injury whatsoever during his stay at these two housing locations, he may not recover money damages. *Geiger v. Jowers*, 404 F.3d 371 (5th Cir 2005) (requiring more than *de minimis* physical injury to recover mental or emotional damages). Further, as he is no longer housed at either location, his requests for injunctive relief must be dismissed as moot. *Herman v. Holliday*, 238 F.3d 660 (5th Cir. 2001).

**Proposed Amended Complaints**

The plaintiff has requested to amend his original complaint to include claims that arose *after* its filing. This is not permissible because the plaintiff must exhaust his administrative remedies for each claim *before* filing his action in federal court. 42 U.S.C. § 1997e(a); *Underwood v. Wilson,* 151 F.3d 292, 293 (5th Cir.1998). Although failure to exhaust administrative remedies is an affirmative defense – and normally raised in a responsive pleading, *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910 (2007) – a court may nonetheless dismiss the claim if the affirmative defense (in this case failure to exhaust) appears on the face of the pleadings. *Bock*, 127 S.Ct. at 921-921. That is what occurred in this case. The plaintiff filed this case on September 12, 2007, but the events giving rise to the claims in his proposed amended complaint arose *after* the filing of this action. As a matter of reason, the new claims could not have been

exhausted before they occurred. Thus, the claims the plaintiff raises in his amended complaints shall be dismissed for failure to exhaust.

## Motions for a Temporary Restraining Order

The plaintiff has also filed two motions seeking injunctive relief. The first motion was filed March 12, 2008, while the plaintiff was still housed at Unit 32 in Parchman, and seeks an order from the court to require the defendants to be more diligent in their carrying out of security measures there. As the plaintiff is no longer housed at Unit 32, this motion shall be dismissed as moot.

The second motion, filed on July 11, 2008, seeks an order from the court requiring the defendants to ensure that the plaintiff "receives reasonable protection from [harassment], physical threats and assaults by prison staff . . . or inmates because of this law suit." In support of this motion, the plaintiff alleges that he was attacked by his cell mate Albert Watts because the plaintiff filed the instant law suit. He does not explain why Watts, a prisoner, would object to the suit. The plaintiff was then moved to another cell. Now he has filed an affidavit stating that he became embroiled in an altercation with his new cell mate, inmate Sheldon Perryman, despite the plaintiff's completion of the "red tag" procedure seeking to be housed separately from inmate Perryman. Again, he does not explain the source of conflict between Perryman and himself – only that the conflict arose because he was forced to remain in a cell with inmate Sheldon Perryman.

A party must prove four elements to be entitled to preliminary injunctive relief: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury to the movant outweighs any harm that may result from the injunction to the non-movant; and (4) that the injunction will not disserve the

public interest. *DSC Communications Corp. v. DGI Technologies, Inc.*, 81 F.3d 597, 600 (5th Cir. 1996). Shorty has not established any of these elements. He has not set forth what procedures the defendants should use to keep him safe. He has been moved repeatedly within and between various institutions, and each time he is moved, he believes that his life and health are in danger. The common thread throughout this case has been Shorty's desire to be placed in solitary confinement. Prisoner housing classification is a matter squarely within the "broad discretion" of prison officials, "free from judicial intervention" except in extreme circumstances. *McCord*, 910 F.2d at 1250 (citations omitted). The plaintiff's allegations are too vague to support his claim for relief, and he gives no suggestions regarding improving his security. Certainly he has not identified any extreme circumstances warranting injunctive relief. As such, his second motion for a temporary restraining order or preliminary injunction shall be denied.

In sum, all of the plaintiff's claims shall be dismissed either as moot or for failure to state a claim upon which relief could be granted. His two pending motions for a temporary restraining order or preliminary injunction shall be denied. In light of these rulings, any other motions currently pending in this case shall be dismissed as moot. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 11th day of August, 2008.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**